## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| SEAN P., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 18-2072 |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | * |
| Defendant.[1] | * |

************

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Sean P. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

# I

# **Background**

On February 27, 2017, Administrative Law Judge ("ALJ") Mary C. Peltzer held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 30-59. The ALJ thereafter found on May 25, 2017, that Plaintiff was not disabled from his alleged onset date of disability of September 1, 2015, through the date of the ALJ's decision. R. at 9-29. In so finding, the ALJ found that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. R. at 16. The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: standing and walking up to four hours per workday; occasional stairs and ramps; no ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; and occasional exposure to workplace hazards such as vibration and dangerous moving machinery, but no exposure to unprotected heights. He can perform unskilled work involving simple, routine tasks with no independent goal setting and no work where the pace of productivity is dictated by an external source outside his control, such as conveyor belts. He can have no contact with the general public and occasional contact with supervisors and coworkers, with no tandem work assignments.

R. at 17.[3] In light of this RFC and the VE's testimony, the ALJ found that, although Plaintiff could not perform his past relevant work as a dump truck driver and car porter, he could perform other work, such as a final inspector, final assembler, or sorter. R at 22-23. The ALJ thus found that Plaintiff was not disabled from September 1, 2015, through May 25, 2017. R. at 24.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* "If someone can do light work, [the Commissioner determines] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *Id.*

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on July 9, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

3

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-9, ECF No. 14-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 5-6. In particular, he contends that, although the ALJ found that he had moderate limitations in concentrating, persisting, or maintaining pace, the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment. *Id.* at 6. Rather, according to Plaintiff, the ALJ limited him to the performance of simple, routine tasks with no independent goal setting and no work where the pace of productivity is dictated by an external source outside his control, such as conveyor belts. *Id.* (citing R. at 17). Plaintiff further argues that the ALJ failed to explain how he could be productive or remain on task for more than 85% of an eight-hour workday. *Id.* at 7-8. Plaintiff also asserts that the ALJ erroneously evaluated opinion evidence. *Id.* at 8-9. For the reasons discussed below, the Court remands this case for further proceedings.

The Court turns first to the ALJ's consideration of Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace. SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to

8

simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

Here, according to the VE, an individual must stay on task for 85% of the workday to maintain competitive employment. R. at 341. The ALJ, however, failed to explain how, despite, Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace, he could be productive for at least 85% of an eight-hour workday. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*, 200 F. Supp. 3d at 602 (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work); *Ashcraft v.*

9

*Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment). The ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). In particular, the ALJ "must build a logical bridge between the limitations [she] finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012). An ALJ's failure to do so constitutes reversible error. *See Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the ALJ's "analysis is incomplete and precludes meaningful review," remand under the fourth sentence of 42 U.S.C. § 405(g) is appropriate. *Monroe*, 826 F.3d at 191.

Plaintiff also contends that the ALJ failed to include any limitation upon concentration, persistence, or pace in the RFC assessment. Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 14-1. Defendant maintains that the ALJ's limiting Plaintiff's RFC to "no work where the pace of productivity is dictated by an external source outside his control, such as conveyor belts" (R. at 17), accounts for Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace. Def.'s Mem. Supp. Mot. Summ. J. 5 n.4, ECF No. 17-1. Courts differ on whether this RFC assessment accounts for moderate limitations in concentrating, persisting, or maintaining pace. *Compare DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."), *and*

10

*Paul v. Berryhill*, 760 F. App'x 460, 465 (7th Cir. 2019) ("[T]he ALJ's reference to 'flexible pace' is insufficient to account for [the claimant's] difficulties maintaining focus and performing activities within a schedule, because the reference excludes only production-pace employment. Without more, the VE cannot determine whether someone with [the claimant's] limitations could maintain the proposed pace or what the proposed pace even is." (citation omitted)), *and O'Connor-Spinner v. Colvin*, 832 F.3d 690, 698 (7th Cir. 2016) ("Yet the Commissioner has not cited, nor have we found, any authority supporting the ALJ's speculation that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including, as part of the claimant's mental residual functional capacity, a moderate limitation on concentration, persistence, and pace."), *and Butler v. Berryhill*, No. 1:18CV59, 2019 WL 442377, at *11 (N.D. Ind. Feb. 4, 2019) (rejecting Commissioner's argument that ALJ's limiting claimant to work that did not require "production-rate pace (e.g. assembly line work)" adequately described how often claimant would be off task during workday), *with Heather M. v. Berryhill*, __ F. Supp. 3d __, No. 17 C 6287, 2019 WL 2386967, at *5 (N.D. Ill. June 5, 2019) (determining that ALJ accounted for claimant's moderate difficulties in concentration, persistence, and pace by precluding "conveyor belt work or fast-paced work"), *and Rayman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-3102, 2015 WL 6870053, at *3 (D. Md. Nov. 6, 2015) ("[T]he limitation to an environment with few changes and no production quotas assures that [the claimant] is not required to produce any particular volume of work-product and is not distracted or required to adapt to changes in the workplace. Thus, the ALJ accounted for any time that [the claimant] would be off-task due to his limited ability to maintain focus. Accordingly, I find no error warranting remand under *Mascio*."). In any event, on remand, the ALJ must establish for how

11

long and under what conditions Plaintiff is able to focus his attention on work activities and stay on task at a sustained rate. *See Thomas v. Berryhill*, 916 F.3d 307, 312 n.5 (4th Cir. 2019).

Plaintiff also maintains that the ALJ failed to evaluate properly the opinion of Akhil Benjamin, D.O., who opined that Plaintiff's pain would cause him to be unable to focus and to stay on task in a work setting for 25% of the day and would result in extra work breaks for more than one hour in an eight-hour workday (R. at 567). Pl.'s Mem. Supp. Mot. Summ. J. 8-9, ECF No. 14-1. Because remand is granted on other grounds, the Court does not address Plaintiff's remaining arguments. *See DeCamp*, 916 F.3d at 676 ("Because we determine that the ALJ did not properly evaluate [the claimant's] limitations in concentration, persistence, and pace, we do not address [the claimant's] other arguments."); *Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763 n.3 (W.D. Va. 2002) (on remand, ALJ's prior decision has no preclusive effect as it is vacated and new hearing is conducted *de novo*).

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: August 12, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge